J. K. BURNHAM *et al.* v. J. H. JOHNSON.
No. 156.

1. APPELLATE PROCEDURE — *undisputed facts examined to determine whether legal effect has been properly declared.* While it is well settled by numerous decisions that in proceedings in error the court will not undertake to determine upon which side of the question the weight or the preponderance of the evidence is, yet, where there is no dispute as to the facts, this court will look into them to determine whether the legal effect thereof has been properly declared.

2. EVIDENCE — *of party's conduct after making chattel mortgage competent to show intent in making.* Upon a motion to discharge an attachment for the reason that the grounds laid therefor are untrue, the ground relied upon being the making of a chattel mortgage, it is competent for the plaintiff to show the conduct of the parties to the mortgage thereafter and up to the time of the hearing, for the purpose of ascertaining what was the true intent for which the mortgage was made.

3. ———— *disclosing that mortgage fraudulently used, shows made for such purpose.* Where such conduct of the mortgagor and mortgagee, with respect to the mortgage, discloses that the same was used for no other purpose than to enable the mortgagor to retain the custody and management of the property but prevent his creditors from resorting to the same, it must be concluded that the mortgage was made for the purpose for which it was used; and the ground for the attachment should be sustained and the motion to discharge the same ought to be denied.

Error from Saline District Court. Hon. R. F. Thompson, Judge. Opinion filed March 22, 1897. *Reversed.*

21—5 KAN. APP.

322     BURNHAM V. JOHNSON.

N. Dept.      Opinion.   Mahan, P. J.      5 Kan. App.

*Bond & Osborn*, for plaintiffs in error.

*Z. C. Millikin*, for defendant in error.

MAHAN, P. J. The plaintiffs in error brought an action against the defendant in error to recover judgment for debt upon an open account, and at the beginning of the action filed the necessary affidavit and bond for an attachment; and the attachment was issued and levied upon the goods of the defendant in error. The grounds assigned in the affidavit for the attachment are as follows :

"That said defendant has assigned, removed and disposed of a part of his property with intent to hinder, delay and defraud his creditors."

The action was begun on the tenth day of October, 1893. On the eighth day of December, 1893, the defendant Johnson filed his motion to discharge the attachment, and as a ground for said motion stated therein as follows : "For that it is not true that he, the said defendant, has assigned, removed and disposed of a part of his property with the intent to hinder, delay and defraud his creditors." The motion was verified. On the twentieth day of January the motion came on to be heard before the Judge of the District Court of Saline County, where the action was pending, and the judge, after hearing the evidence, made an order discharging the attachment and ordering that the goods attached be released and the possession delivered to the defendant Johnson; to this ruling of the court the plaintiffs excepted, prepared a case-made, and brought the cause here for review.

The facts appear to be as follows : The defendant Johnson was a merchant at Assaria, in Saline County. On the twenty-fourth day of July, 1893, the defendant Johnson, made and delivered to the H. D. Lee Mercan-

tile Company a chattel mortgage on all of his stock of goods to secure the sum of $456.63, and at the same time made a mortgage on the same stock of goods to the the Farmers National Bank to secure the sum of eight hundred dollars. These mortgages were at once filed for record. On the same day and at the same time the defendant Johnson made out and signed a mortgage on the same stock of goods to his brother, P. Johnson, a merchant of Chicago, Ill., subject, however, to the other two mortgages, purporting to secure the payment of three promissory notes, dated, one in 1885 and the others in August and December, 1890, respectively, and giving their dates and amounts aggregating forty-five hundred dollars. This mortgage was not filed for record, but the defendant took the same home with him and on the next day forwarded to his brother in Chicago a copy thereof. On the following day the agent of the plaintiffs in error called upon the defendant at his place of business in Assaria, and solicited him to secure the plaintiffs' claim sued upon, which he declined to do; and the defendant then immediately sent the mortgage executed to his brother to the recorder's office to be recorded. The defendant received no response from his brother in Chicago at any time. The H. D. Lee Mercantile Company and the Farmers National Bank took possession of the stock of goods and proceeded to sell enough therefrom to discharge their liens. About the time sufficient of the goods had been sold to realize the amounts of the incumbrances of the H. D. Lee Mercatile Company and the Farmers National Bank, the defendant Johnson sent his wife to Chicago to see the brother, and while there she procured, without any present consideration, an assignment of the mortgage to herself, dated the sixth day of September, 1893; which as-

signment recites that, in consideration of forty-five hundred dollars, the receipt of which is acknowledged, he assigns to Carrie G. Johnson, without recourse, the notes by the within mortgage secured and all his title and interest in the goods and chattels in said mortgage mentioned. The assignment was indorsed upon the copy of the mortgage sent by the defendant to this brother, and was brought by the wife with her on her return from Chicago. She also brought with her a written contract by which the defendant and she agreed with the brother in Chicago to furnish Pernilla Johnson, the mother of the defendant and Peter Johnson, for and during her natural life, all necessary, proper and decent clothing, food, medicines and services of a physician in the event of necessity therefor. This writing is in the nature of a bond in the penal sum of five thousand dollars, and provides that upon the performance of the above conditions the bond is to be void; otherwise, to remain in full force and effect.

The defendant Johnson continued to conduct his business just the same as he had theretofore conducted it, only he did the business in the name of his wife after the Lee Mercantile Company and the bank had obtained satisfaction of their debts therefrom. He bought other goods, put into the business other money; in fact, used the goods just as he had formerly done, as his own in every respect, except that, without any sale under the mortgage to his brother, which had been assigned to his wife, he treated the property as hers by using her name in the business transactions with the outer world.

The error complained of, and the only error that could be assigned, is that the court erred in sustaining the motion to discharge the attachment. It is

contended by the defendant in error that this case comes within the class of cases decided by this court and the Supreme Court, where it has been said that in case of a conflict of evidence neither this court nor the Supreme Court would weigh the evidence to determine upon which side was the preponderance. But

1. Undisputed facts examined, when. that is not true in this case. The question in this case is as to the legal effect of the acts of the defendant, as disclosed by the evidence — the undisputed evidence, because the evidence is mainly the evidence of the defendant himself.

Counsel for defendant also contends that in order to sustain the attachment the grounds laid therefor must appear to have been true at the time the affidavit was filed and prior thereto, and that after-occurrences cannot be taken into consideration. It is true that any act committed by the defendant after the making of the affidavit and procuring of the attachment cannot be given in evidence as a ground for sustaining the order. But that is not what was done in this case. It

2. Conduct after executing mortgage competent to show what. was perfectly competent to show what the conduct of the parties was with respect to this mortgage after it was made, for the purpose of disclosing what was the true intent at the time it was made, because the attachment is predicated upon the making of this mortgage, and no other act, and the evidence discloses clearly that it was the intention of the defendant Johnson at the time he made the mortgage, to use it for the very purpose charged in the affidavit as a ground for an attachment; and the fact

3. Use of mortgage shows purpose in making. that he has used it since that time for the very purpose charged, is evidence competent and sufficient to show that that was the intention when it was made. The

mortgage by Johnson to his brother in Chicago has been made use of continuously, from the time the goods were surrendered by the prior mortgagees, with the very effect of preventing other creditors of the defendant Johnson from attempting to realize their claims out of this property. The earnings of the defendant in the meantime, money that he was paid by the government for salary as postmaster at the town of Assaria, were put into the business. The necessary and legal effect of the facts disclosed by the evidence is to hinder and delay the plaintiff in error and other creditors of the defendant. And, that being the case, it was the duty of the court to have sustained the attachment and to have denied the motion of the defendant to discharge it, and it was error to sustain the motion.

The order of the court sustaining the motion and discharging the attachment will be reversed, and the case remanded with instructions to deny the motion.